### THE S. S. MANUEL ARNUS.

District Court, S. D. New York.
March 7, 1938.

Hill, Rivkins & Middleton, and Barton P. Ferris, all of New York City, for libelants.

Hunt, Hill & Betts, and Frank J. Zito, all of New York City, for respondent.

GODDARD, District Judge.

The libelant purchased the clean bill of lading in due course relying on the statements in it that the goods were on board respondent's vessel, and under the decision of Olivier Straw Goods Corporation v. Osaka Shoshen Kaisha, 2 Cir., 27 F.2d 129, the respondent is estopped as against such purchaser who was misled, to deny the truth of the statements in the bill of lading unless, as contended by respondent, the one signing the bill of lading was not authorized to sign in behalf of respondent, or the goods had not been received by the respondent or its representatives.

However, it is conceded that 27 other bills of lading in evidence "were issued by respondent's agent at Malaga"; also that these were signed by the same person who signed the one now in question. This, it seems to me, clearly establishes the fact that such person was the agent of the respondent and had authority to issue bills of lading in behalf of the respondent. In this bill of lading the receipt of the goods is admitted, and respondent has introduced no evidence to overcome the presumption of the receipt of the goods established by the bill of lading. The cases cited by respondent holding carrier not liable are instances where the carrier has shown that it had never received the goods.

The goods covered by the bill of lading were not on board respondent's vessel and have never been delivered to the libelant, who still holds the bill of lading.

The libelant may have a decree for $1,-201.68 with interest from June 23, 1936.